IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRONE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-cv-693-MJR |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the USP in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**CLAIMS PRESENTED**

Plaintiff alleges that while he was at Marion, he was abducted by Defendants and taken to an area in the infirmary. He was handcuffed and shackled, and then Defendants assaulted him "with their batons, fists, and feet repeatedly, over a period of an hour." From these brief allegations, Plaintiff makes six separate claims: (1) torture and abuse, (2) cruel and unusual punishment, (3) atrocious assault and battery, (4) illegal restraint, (5) intentional infliction of emotional distress, and (6) failure to regulate staff.

The first four claims are, in essence, claims of intentional use of excessive force by prison guards against an inmate without penological justification; such claims may constitute cruel and unusual punishment in violation of the Eighth Amendment, which are actionable under federal civil rights jurisdiction. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss the first four counts of this action at this time.

In contrast, Plaintiff's last two claims – the intentional infliction of emotional distress, and the failure to regulate staff – are based upon theories of negligence and supervisory liability. Negligence claims, however, are not actionable in a federal civil rights action. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (a defendant can never be held liable under § 1983 for negligence); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995) (same). Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Plaintiff's fifth and sixth counts will be dismissed from this action.

Finally, the Bureau of Prisons, as a federal agency, is not amenable to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Accordingly, the Bureau of Prisons will be dismissed from the action.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 5** and **COUNT 6** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the **BUREAU OF PRISONS** is **DISMISSED** from this action with prejudice. Plaintiff is advised that within the Seventh Circuit, dismissal of these claims and defendant count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **FRANCIS** and **SAMPLE**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **FRANCIS** and **SAMPLE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor

disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Plaintiff's motion to settle this case in court (Doc. 11) is **MOOT**, as Defendants have not yet had an opportunity to respond to the complaint.

**IT IS SO ORDERED.**

**DATED this 27th day of October, 2008.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**