IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE H. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **07-693 - MJR-CJP** |
| ) | |
| **C/O FRANCIS and** ) | |
| **LIEUTENANT SAMPLE,** ) | |
| ) | |
| Defendants. ) | |

### **SUPPLEMENTAL REPORT and RECOMMENDATION**

This Supplemental Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

At issue are defendants' Motions for Summary Judgment, in which they assert that plaintiff failed to exhaust his administrative remedies. **(Docs. 31 & 45)**. On a referral from Judge Reagan, the undersigned held an evidentiary hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** on August 28, 2009, and thereafter issued a Report and Recommendation, **Doc. 60**. The Recommendation was that the motions be denied. Defendants filed objections at **Doc. 62.** Judge Reagan considered and rejected defendants' objections, but recommitted the matter to the undersigned for a supplemental Report and Recommendation. **See, Doc. 65**.

Defendants took the position in their objections that the initial Report and Recommendation failed to make findings of fact regarding the credibility of plaintiff's testimony. Judge Reagan disagreed, but recommitted the matter for "an explicit credibility determination." **Doc. 65, p. 16.**

1

The Court finds that plaintiff's testimony that he gave the properly-addressed envelope containing his BP-11 to Mr. Knox for mailing on September 26, 2006, was credible. This finding is based on a number of reasons. First, plaintiff's demeanor and the detailed way in which he testified were indicative of truthfulness. Secondly, the history of his use of the administrative remedy system established that, each time a grievance or appeal was returned to him as deficient, he corrected the deficiency and resubmitted the paperwork. It seems highly unlikely that, having made several corrections to his appeals of this grievance, he would have failed to perfect the final step. Further, Mr. Knox testified that he was on duty on September 26, 2006, that he was plaintiff's unit counselor, and that outgoing legal mail from an inmate such as plaintiff was to be given to the unit counselor.

The credibility of plaintiff's testimony is further bolstered by the fact that defendants offered no evidence to squarely contradict it. Mr. Knox did not deny that he received legal mail from plaintiff on September 26, 2006; rather, he testified only that did not "specifically remember picking anything up from him." **Doc. 57, p.8**. Mr. Knox testified that his standard practice is to take all of the legal mail he collects during the day to the prison's mailroom, where the mail is processed and mailed out. **Doc. 57, p.9**. Further, Mr. Knox testified that, due to the "volume of mail that we have," neither he nor the mailroom employees keep a log of outgoing mail. **Doc. 57, p. 16.** It is quite plausible that Mr. Knox did, in fact, receive legal mail from plaintiff on September 26, 2006, but doesn't remember it. The record does not suggest any reason why Mr. Knox should have a particular memory of picking up legal mail from this one inmate among many on a specific date almost three years before the hearing. Similarly, Mr. Knox did not deny that plaintiff later asked him about the status of his appeal; rather, he simply

2

testified that he did not recall.  The Court does not discredit Mr. Knox's testimony that he always followed the standard procedure in handling inmates' legal mail.  The fact that the appeal did not reach its destination is not necessarily the fault of Mr. Knox.  It may be that he delivered plaintiff's legal mail to the mailroom on September 26, 2006, but it went astray thereafter.  In any event, in the final analysis, defendants offered no evidence to *contradict* plaintiff's testimony.

In sum this Court finds that finds that plaintiff's testimony that he gave the properly-addressed envelope containing his BP-11 to Mr. Knox for mailing on September 26, 2006, was credible.  Therefore, this Court concludes that the failure to exhaust was not plaintiff's fault, and this Court recommends that Defendants' Motions for Summary Judgment **(Docs. 31 & 45)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **December 7, 2009.**

**Submitted: November 17, 2009.**

  **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**