IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE H. DAVIS,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **07-693 - MJR-CJP** |
| **C/O FRANCIS,** | ) |
| **and LIEUTENANT SAMPLE,** | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Conduct Expert Discovery and for Reimbursement of Expert Costs. (**Doc. 118**).

Plaintiff claims that he suffered serious and permanent injuries as a result of defendants' use of excessive force. His attorneys have located a doctor in the Florence, Colorado, area who is willing to perform a physical examination of plaintiff and to testify as an expert witness regarding his findings. The motion asks for leave to conduct expert discovery and asks that counsel, who was appointed, be reimbursed for the expert's fees.

The Court has extended the deadline for the completion of all discovery to November 15, 2010. The parties may disclose expert witnesses and engage in expert witness discovery, as long as all discovery is competed by November 15, 2010.

Unfortunately, the Court cannot grant counsel's request for reimbursement of the expert's fees. The motion indicates that the doctor will charge about $3,500 for the examination and preparation of the report, and $550 per hour for additional services, such as appearing for a deposition. As the Clerk of Court explained in a letter when counsel was appointed,

> Expenses up to $2,500.00 may be reimbursed by the trial judge, without further authority. Expenses in excess of $2,500.00 and not greater than $5,000.00 must be referred to the judicial officer who chairs the District Court Fund committee, while expenses greater

1

than $5,000.00 require action by the District Court *en banc*. Reimbursement of expenses is upon the discretion of the judge(s) with a full range of matters to be taken into consideration, including the reasonableness of the expenditure taken in the context of both the nature and validity of the litigation.

**See, Doc. 102.**

Mr. Davis must understand that counsel has been appointed to represent him without charge, but that does not mean that counsel, or the Court, is required to fund any and all litigation expenses that might be incurred. See, ***Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)**. While the Court greatly appreciates counsel's diligence in representing Mr. Davis, this Court simply does not have the authority to pre-approve the expenditure of large sums of money for an expert witness. While the Court expects counsel to advance reasonable amounts for necessities such as deposition transcripts, copying costs, travel and the like, the primary responsibility for funding this litigation remains with Mr. Davis. The expenses at issue here are extraordinary and counsel is not required to expend such sums on plaintiff's behalf. If counsel chooses to do so, it must be with the understanding that reimbursement is not guaranteed.

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Conduct Expert Discovery and for Reimbursement of Expert Costs **(Doc. 118)**, as follows:

1. Plaintiff is granted leave to disclose an expert witness and produce the Rule 26(a)(2) report by September 24, 2020.

2. Plaintiff's request for pre-approval of reimbursement of the costs of the expert witness is denied.

**IT IS SO ORDERED.**

**DATED:     July 26, 2010.**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**