IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE H. DAVIS,**          ) | |
|       ) | |
|       Plaintiff,   ) | |
|       ) | |
| v.       ) | Civil No. **07-693 - MJR-CJP** |
|       ) | |
| **C/O FRANCIS,**       ) | |
| **and LIEUTENANT SAMPLE,**   ) | |
|       ) | |
|       Defendants.   ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel the Bureau of Prisons to Transport

Plaintiff to Illinois for his Discovery Deposition.  (**Doc. 122**).  Defendants filed a response at

**Doc. 123.**

Plaintiff is incarcerated at ADX-Florence.  Through his appointed counsel, he moves the

Court to order the BOP to transport him to Illinois to appear for a deposition.  The deposition is

tentatively set for August 25, 2010.

The primary grounds for the motion is that it would cost a significant amount of money

for plaintiff's counsel to travel to Colorado to attend the deposition in person.  Counsel correctly

points out that he might not be repaid for all of the money which he advances for costs.[1]

Therefore, he asks the Court to, in effect, shift the cost to the BOP.

The Court has no authority to order the BOP to transport plaintiff to Illinois for his

---

[1]Of course, if plaintiff prevails, he will be entitled to recover statutory costs pursuant to
29 U.S.C. §1920 and attorneys fees pursuant to 42 U.S.C. §1997e.

deposition.  The BOP is not a party to this litigation.  Further, the BOP has the sole discretion to designate an inmate's place of confinement.  **18 U.S.C. §3621(b)**.

As defendants point out, plaintiff has been designated to an institution with the highest security level, but the federal correctional institutions closest to this District (USP-Marion and FCI-Greenville) are medium security facilities.  This Court does not have the authority or the expertise to determine whether these medium security facilities could be made secure enough to house plaintiff.  This is simply not an issue which is appropriate for Court determination.  See, *Turner v. Safley*, **107 S.Ct. 2254 (1987).**

An instructive case is *Ivey v. Harney*, **47 F.3d 181 (7th Cir. 1995**).  There, the inmate plaintiff moved the Court to order the IDOC to transport him from the prison in Taylorville, Illinois, to Chicago, Illinois, for a medical examination in connection with his Section 1983 lawsuit.  The Seventh Circuit held that the Court had no authority to do so.  "[Plaintiff] could prosecute this litigation better if he were a free man, or if he were imprisoned in Chicago rather than Taylorville, but that reality does not make him free, require his relocation to the prison most favorably situated to his pending litigation, or compel his custodian to act as his chauffeur.  Lawful incarceration curtails many opportunities."  *Ivey*, **47 F.3d at 186.**  The same is true here.

There are certainly lower-cost alternatives available to plaintiff.  Defendants suggest that the deposition can be conducted via video conference.  Plaintiff rejects that alternative as unacceptable because "videoconferencing is unavailable to inmates." **Doc. 122, p.3**.  It does not appear that video conference is completely unavailable, however.  Defendants' response indicates that video conferencing would be available for both the deposition and the preparation, but a minimum of two staff members are required to be present in the room during a conference

2

because there is no physical barrier between the inmate and the equipment.  Again, this Court is in no position to countermand the BOP's security procedures.

If plaintiff and counsel reject the offer of a monitored video conference for deposition preparation, another alternative is to prepare via telephone conference.  Counsel indicates that this would be "extremely difficult."  **Doc. 122, p. 3**.  While a telephone conference might be less than ideal, preparation via telephone is certainly not impossible.

In short, the BOP cannot be forced to transport plaintiff to Illinois for his deposition, and it is not necessary for counsel to travel to Colorado.  Plaintiff can exercise the option to use telephone and/or video conference.  The Court trusts that the U.S. Attorney's office will facilitate the necessary arrangements.

For the foregoing reasons, Plaintiff's Motion to Compel the Bureau of Prisons to Transport Plaintiff to Illinois for his Discovery Deposition (**Doc. 122**) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**       **August 10, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

3