IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE DAVIS, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 07−cv−00693−SCW |
| BUREAU OF PRISONS, et al., | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff Tyrone Davis' ("Davis") request for a writ of habeas corpus ad testificandum in order to physically appear at the trial of this matter, or in the alternative to attend the trial by videoconference (Doc. 157). Davis is presently a prisoner being held at the United States Penitentiary in the Administrative Maximum Facility (ADX) in Florence, Colorado. Davis brought this suit alleging he was assaulted by prison guards at the Marion Federal Correctional Facility in October 2005 (Doc. 1). Trial is scheduled for July 25th, 2011.

Writs of habeas corpus ad testificandum are used to obtain the physical presence of prisoners when it is necessary to bring them into court to testify or for trial. 28 U.S.C. § 2241(c). It is within the trial court's discretion to determine whether a prison inmate shall attend court proceedings in an action initiated by him. *Stone v. Morris*, 546 F.2d 730, 735. (7th Cir. 1976). The Court must weigh the competing interests of the prisoner presenting his testimony in person against the interests of the state in confinement. *Id.,* citing *Moeck v. Zajackowski,* 541 F.2d 177 (7th Cir. 1976). The factors to consider when balancing the conflicting interests are outlined in *Stone*: "In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or

security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition." *Stone*, 546 F.2d at 735-736.

Here, Davis argues that his physical presence is necessary to allow the jury to view his demeanor, see his injuries, observe his reactions to questions, allow him to demonstrate how his injuries occurred, and confer with counsel (Doc. 157, pp. 4-5). Against these concerns, the Court must weigh the state's interests in confinement. Defendants argue that Davis is held in a maximum security facility more than nine hundred miles away, has a significant disciplinary history as an inmate which resulted in his placement there, and would need to be transported to a less secure local facility (Doc. 158, pp. 3-4). This would entail assigning personnel for the transfer, transportation of the prisoner to and from court, and possible risk of escape or danger to the personnel and the public in addition to increased expense. *Id.*

After taking into consideration all of the above-noted factors, the Court finds that the state's interest in keeping Davis confined outweighs Davis' interest in appearing in person at trial, particularly where there is a viable alternative such as videoconferencing. Davis' concerns with effective presentation of his case can be alleviated by use of videoconferencing. He will be able to observe and be observed, show his injuries, and consult with counsel. While it is less ideal than a physical appearance, Davis will still be able to present his case in a meaningful way. Davis' request for a writ of habeas corpus ad testificandum to appear at trial is therefore **DENIED**.

The Court now turns to Davis' alternative request to appear by videoconference and participate in this trial. For good cause shown, the Court may permit presentation of testimony in open court by contemporaneous transmission from a temporary location. *Fed. R. Civ. Pro. 43*.

Given Davis' interest in participating in this trial and the impracticability of transporting him to the trial, the Court finds that good cause has been shown. It is the Court's understanding that the facility where Davis is housed is equipped for videoconferencing. In order to preserve Davis' interest in meaningfully participating in his trial, the Court hereby **GRANTS** Davis' request to be allowed to appear by videoconference with a telephone available for consultation with counsel during breaks.

In order to accommodate this arrangement, the Court notes that some flexibility will be necessary. To the extent practicable, the Court will attempt to reasonably accommodate Davis' need to take recesses during the proceedings to consult with counsel. To the extent practicable, the Court will direct that the in-courtroom camera be placed in such a way as to allow Davis to view as much of the proceedings as can be arranged.

**IT IS SO ORDERED**.

DATED 06/06/11.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge